### CYRENE WHITNEY *v.* SUSAN WHITNEY & A.

In a devise of an estate in lands to take effect in possession immediately upon the testator's death, words of survivorship are to be referred to the time of the testator's death, unless a different reference is provided.

Where real estate was devised in fee to A. B. C. and D, as tenants in common, with a provision, if either of the devisees "or more than one of them die," giving his or their share "to those that are living, to be divided equally among them;" and after the death of the testator, A. died seized of the share devised to him, intestate, and without lineal descendants; *held*, that the widow of A. was entitled to dower in his share, and, under the statutes of this State, to one-half of the residue of such share in fee, although B. C. and D. were living.

ALL the parties in this case claim under the following provisions in the will of Caleb M. Whitney, to wit:

" I further give and devise to my two sisters, Margaret Ann Whitney and Mary Elizabeth Whitney, and my two brothers, William Whitney and Charles Whitney, all my real estate in Tuftonborough, in the County of Strafford, to have and to hold the same to them, the said Margaret Ann, Mary Elizabeth, William and Charles Whitney, their heirs and assigns forever. The above mentioned real estate is to divided as follows, to wit: one-third to Margaret Ann Whitney, one-third to Mary Elizabeth Whitney, and one-third equally between William Whitney and Charles Whitney; and should either of my above named brothers or sisters, or more than one of them die, I give and bequeath his, her or their dower to those that are living, to be divided equally among them."

The will of Caleb M. Whitney was duly executed and was approved Nov. 3, 1840; Susan Whitney is the mother of Margaret, Mary, and William, the other defendants, and of Charles, and Cyrene is the widow of Charles, who died in 1857, after the death of the testator, seized of his share of the premises, intestate, and without issue, and William, Margaret and Mary are still living.

*L. D. Sawyer* and *Carter*, for petitioner.

*Batchelder*, for petitionees.

BARTLETT, J. By the will the devisees were to take an estate in fee as tenants in common, R. S. ch. 129, sec. 2; and this devise was to take effect in possession immediately on the testator's decease. The words of survivorship are therefore to be regarded as providing for the case of the death of any of the devisees in the testator's life-time. 2 Jarm. 632; 6 Cruise (Gr. Ed.) 340, & n.; *Ashford* v. *Haines*, 11 L. & Eq. 152; *Gee* v. *Mayor*, 10 L. & Eq. 455; *Brimmer* v. *Sohier*, 1 Cush. 118.

Charles Whitney having died seized of one-sixth part of the premises, without any lineal descendants, and intestate, the petitioner is entitled to dower in his share of the real estate, and, under our statutes, to one-half of the residue of such share in fee. *Robinson* v. *Tuttle*, 37 N. H. 243, 250 and 251.